

**Michael J. Steinle**

July 22, 2020

Honorable Pamela Pepper
Magistrate Judge
517 East Wisconsin Avenue, Room 225
Milwaukee, Wisconsin 53202

    Re:    United States v. James Hubbell
           Case No.: 18-CR-78

Dear Judge Pepper,

The Defendant, James Hubbell offers this Memorandum in support of his position that he should not be incarcerated within the Federal prison system as a result of his convictions of conspiracy to defraud the United States.

<u>The loss amount over represents the seriousness of the conduct and the benefits given.</u>

James Hubbell believes that two reasons substantiate the fact that the loss attributed to him overrepresents his conduct in this matter.

First, the Defendant did not receive the majority of the profit from the fraud. It is undisputed that the great majority of the money from Sonag, Nuvo, C3T, and Pagasa all went to Brian Ganos. Without litigating the matter herein, the presentence is replete with the tracing of the profits of these companies to the pocket of Brian Ganos. Despite the fact that Brian Ganos disputes his involvement in C3T or Pagasa, Lori Michaud and others clearly established where the proceeds ended up. Mr. Ganos refused to accept responsibility for C3T and Pagasa and attempted to shift blame to Mr. Hubbell and Lori Michaud, but the facts proved otherwise.

James Hubbell did benefit somewhat from the fraud and he acknowledges such fact. It was only through the salary and bonuses given to him by Mr. Ganos. All

amounts in bonus or other benefits were the sole discretion of Brian Ganos. It is true that he was paid $1,430,000.00 over twelve (12) years and received $500,000.00 in bonuses within the same twelve (12) years period of time. In reality that amounts to an average of $119,000.00 per year and $41,000.00 per year in bonuses. James Hubbell did the work, he was employed and earned a wage. He put in 50 to 65 hours per week working for Brian Ganos in the various companies overseeing the many projects. It is not a case in which he stole the money or did not earn the wage. It can be said that he was well compensated, however, the compensation is not exorbitant considering the pay in the construction field for his positions within the companies and his skill level.

Second, the actual loss pursuant to U.S.S.G. 2B1.1 comment note 21(c) states that a downward departure is warranted when the offense level substantially overstates the seriousness of the conduct. Nothing could be more true in this case. The fraud in this case did not involve taking federal dollars without providing a real service worth what C3T or other companies were paid by the federal Government. It is undisputed that the companies did provide real value to the Government. Mr. Hubbell worked diligently to contract and delivered on the contracts in a timely and above quality manner. The government received the full value for the money they paid for the contracts. No one that received the work complained about the quality of the work. The only harm done was the ability of the government to contract with other qualified minority-owned businesses and/or armed service-disabled veterans. Mr. Hubbell would further submit that the bids that the companies he was involved with for Ganos were all the lowest bids when compared to others on all the projects. The government did receive the benefit of the lowest bid as they were all competitive bids and bonded.

Lastly, it was never the idea of James Hubbell to create these 8(a) companies. It was Brian Ganos and Mr. Lopez who created the original idea to form Nuvo. It was the sole product of Ganos and Lopez. It was Ganos who then put James Hubbell in the position of giving guidance to all the Nuvo employees. It was a role expected of him by Ganos as a term of his employment and compensation of Sonag. It was then also expected of him by Ganos when C3T came into existence. Mr. Hubbell maintains that he knowingly participated in these companies and how they were formed but he did not create them. James Hubbell believes that Tim Agoudemos was originally to run C3T. When it became obvious that he did not have the ability to do it, it was Ganos and the rapid development of C3T which

caused Hubbell to eventually take over and run the company for Ganos. In retrospect, this is when James Hubbell enters into the fraudulent conduct with Ganos and the decisions made by him which place him before this Court for sentencing.

## The Defendant is Less Culpable Than Others

James Hubbell does in fact acknowledge that he participated in the fraud, however, his actions make him far less culpable than Brian Ganos or Lori Michaud.

First, James Hubbell was not involved in any of the Nuvo fraud of this scheme. James Hubbell was never an employee of Nuvo and it was the creation of Brian Ganos and Mr. Lopez. Mr. Hubbell did provide some guidance to Nuvo employees when requested but did not participate in the decisions made for the projects. He did not actively bid or participate in the projects. He was not consulted in the creation of Nuvo.

Mr. Hubbell did not submit or resubmit any of the SDVOSB verification applications. Such applications were done by Brian Ganos and Lori Michaud. None of the bonding issues were done by or with James Hubbell. All bonding issues were done by Ganos and Lori Michaud. It was Brian Ganos and Lori Michaud who controlled the ultimate directions and control of the finances of the business or the business operations of the various companies. The Defendant alleges that he did go along with the decisions made, however he did ask Brian Ganos on several occasions to back out his stakes in both Nuvo and C3T. The Defendant also alleges that he knew from Lori Michaud that Brian Ganos was taking profits from the companies, but he was not told the specifics or the amounts. It is the position of James Hubbell that although he knowingly participated in the fraud, the culpability of his involvement is substantially less than that of Brian Ganos or Lori Michaud. James Hubbell had nothing to do with the complex accounting procedures of this fraud.

Lastly, the Defendant wants the Court to recognize that he was involved with only the construction aspect of the fraud. Mr. Hubbell had absolutely no involvement or knowledge of the fraud on the concrete side of the business. The concrete part of the conspiracy was the product of Brian Ganos and Nicholas Rivecca.

## The Background of the Defendant

As stated in the background facts of the presentence report, Mr. Hubbell has absolutely no prior record. He has been employed his entire life. After he graduated from college, he entered the U.S. Navy for four (4) years with an honorable discharge. He is a hardworking, decent person, great husband and parent to his children. The conviction in this case has caused him great regret and pain that he never imagined. James Hubbell invested his entire career in a general federal contracting specialty which has little or no value now that he has been convicted of this crime. He cannot work in this business again and he will be barred from all future federal work in the field. The Defendant cannot even subcontract or consult on any federal projects. He lost his job, got another job but was let go because of his guilty plea in this matter. The Defendant has resorted to starting his own business which has provided for him. Although his small business has provided some income, the public nature of the Ganos case has put him in a negative spotlight that he will live with until retirement. A google search lists Mr. Hubbell as being the center of the fraud scheme and he has been publicly humiliated for it. Every job he applied for has turned him down, so he was forced into self-employment.

The Defendant has substantial financial responsibilities to his family and children. He presently has three (3) children in college which any parent knows can be a significant financial drain on savings and disposable income. He lost health insurance for his family. The matter has put a strain on his marriage, his family and has added significant stress on his life for the last four (4) years. There is no question that the Defendant's decisions to become involved in the fraudulent schemes are deliberate actions he made but the repercussions to others weighs heavily upon him. He fears for the future of his family.

## Substantial Assistance to the Government

James Hubbell was arrested in this matter in August 2016. After arrested and prior to indictment, Mr. Hubbell was ready, willing and eager to admit his involvement in the Ganos scheme. Cooperation was offered early on but the magnitude of the search warrants, the documents seized and the necessary research that needed to be done by the Government put his cooperation on hold. It was also recognized early on that Lori Michaud was assisting from the early stages of the investigation.

Ms. Michaud clearly had more knowledge and was a more important individual to debrief as she knew the finances of the various entities and made all the bookkeeping/accounting entries and could trace the money to Mr. Ganos. Mr. Hubbell's cooperation then took a less significant role and secondary to Ms. Michaud.

That being said, the Defendant did debrief at an early stage, was listed as a witness, was prepared for trial and was ready to testify at trial. Further, he turned over all of his financial materials early, voluntarily signed releases to all his bank accounts and had been truthful in his statements to authorities in this matter.

Further, the Defendant was named as a witness and debriefed in the Mark Spindler trial. Although he did not testify in said trial, it was the government who made the decision that he was not necessary. He was always ready, willing and able to testify for the government if needed.

Lastly, the Defendant agreed to plead at an early stage of the proceedings. He has absolutely taken <u>full</u> responsibility for his participation in this matter. He has gone up and beyond to admit his participation in this matter.

For all the reasons state herein, the Defendant respectfully requests that the Court fashion a sentence in this case so as to not incarcerate him within the Federal prison system.

Thank you kindly.

Sincerely,

MICHAEL J. STEINLE
Attorney at Law
MJS/nmm